IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDALL TRENT BROWN,**

                           Plaintiff,

                                                CIVIL ACTION
       vs.                                    No. 07-3264-SAC

**GLEN F. KOCHANOWSKI, et al.,**

                           Defendants.

### ORDER

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Saline County Jail in Salina, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full

---

[1] See Brown v. Saline County Jail, Case No. 07-3062-SAC (remainder of $350.00 district court filing fee).

district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

In this action, plaintiff alleges "Head Nurse Beth" at the county jail is violating his rights under the Eighth Amendment by preventing plaintiff from obtaining medical treatment, including surgery for plaintiff's carpal tunnel syndrome. Plaintiff claims "Nurse Beth" provides misinformation to the doctor about plaintiff's medical condition and will not allow a prisoner to go to the hospital for any reason. Plaintiff cites medication offered by medical staff to address swelling attributable to plaintiff's carpal tunnel syndrome, but claims surgical treatment and his requests for specific medication are denied.[2] The defendants named in the

---

[2] Plaintiff submitted correspondence to the clerk office that identifies other prisoners as witnesses to swelling in plaintiff's arm and hand. The court directs the clerk's office to file this document as a supplement to plaintiff's complaint.

Plaintiff's remaining correspondence regarding this complaint is not to be filed. Plaintiff is advised that all pleadings submitted in this or any other case plaintiff files in federal court must be in proper pleading format, which includes a caption identifying the parties and the case number, and a title indicating the nature of the pleading. Although pleadings filed by pro se litigants are to be liberally construed, pro se parties are still expected to follow the basic rules of procedure governing other litigants. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Brown v. Zavaras, 63 F.3d 967, 971-72 (10th Cir. 1995). See Fed.R.Civ.P. 8(a)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Hall v. Bellmon, 935 F.2d 1006, 1110 (10th Cir. 1991)(Rule 8(a) requires minimal factual allegations on those material elements that must be proved to recover).

complaint are Glen Kochanowski as the Saline County Sheriff, and the Saline County Jail "Medical Staff."[3]

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006)(*quotation omitted*). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

The court first finds plaintiff's allegations are insufficient to state a claim for relief against Sheriff Kochanowski, because plaintiff alleges no personal participation by this defendant in the alleged misconduct. *See* Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(personal participation is an essential allegation in a § 1983 action). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). *See also* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir.

---

[3]Plaintiff's request to consolidate this action with plaintiff's pending and earlier filed complaint, Brown v. Saline County Jail, Case No. 07-3062-SAC, is denied.

1997) ("Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(*internal citation omitted*).

The court next finds plaintiff's allegations state no claim of constitutional significance against the medical staff at the jail, even if the complaint is liberally construed as naming "Nurse Beth" as a defendant.[4] Plaintiff's disagreement with the medical care being provided does not state an actionable claim. Nor does plaintiff identify substantial harm that directly resulted from any alleged delay in receiving necessary medical care for an obvious and serious medical need. *See* Garrett v. Stratman, 254 F.3d 946, 949-50 (10th Cir. 2001)("[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm [as in] a lifelong handicap, permanent loss, or considerable pain.").

Finally, to the extent plaintiff complains that jail staff is or is not treating his carpal tunnel as a preexisting condition, and disagrees with the charges assessed against him for medical care, these allegations state no deprivation of any right secured by the Constitution or federal law.

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for

---

[4]Plaintiff also broadly claims "Nurse Beth" discriminates against him because she is biased against prisoners who have been charged with sex crimes. This bare and conclusory allegation is insufficient to establish a cognizable equal protection claim.

relief.[5]  See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated by the court, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 16th day of November 2007 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[5]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."