```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**KENDALL TRENT BROWN,**

                              **Plaintiff,**

                                                                **CIVIL ACTION**
       **vs.**                                                   **No. 07-3264-SAC**

**GLEN F. KOCHANOWSKI, et al.,**

                              **Defendants.**

## ORDER

Plaintiff, a prisoner confined in the Saline County Detention Center in Salina, Kansas, proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983. The defendants named in the complaint are Glen Kochanowski as the Saline County Sheriff, and the Saline County Jail "Medical Staff."

In this action, plaintiff alleges the head nurse at the county jail is violating plaintiff's rights under the Eighth Amendment by preventing plaintiff from obtaining specific medical treatment, including surgery for plaintiff's carpal tunnel syndrome. By an order dated November 16, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff alleged no personal participation by the sheriff, because plaintiff's disagreement with the medical treatment being offered stated no cognizable constitutional claim, and because plaintiff identified no substantial harm that directly resulted from any alleged delay in receiving necessary medical care for any obvious and serious medical need.

In response, plaintiff cites his lack of education and renews

his request for appointment of counsel.[1]  The court denies this request.

Plaintiff also restates that the medical care being provided is not addressing his pain, and claims no x-ray or second opinion has been provided "as promised."  This is insufficient to establish deliberate indifference by any defendant to a serious medical need of plaintiff.

Accordingly, for the reasons stated herein and in the show cause order entered on November 16, 2007, the court concludes the complaint should be dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff also requests that if his case is dismissed, that he be allowed to appeal to the United States Supreme Court. Plaintiff is advised that a timely notice of appeal from the final order and judgment entered in this matter must be filed in this court, *see* Fed.R.App.P. 4, and that the Tenth Circuit Court of Appeals will have jurisdiction over such an appeal. Plaintiff is further advised that there is a $455.00 fee to file an appeal.  If plaintiff is granted leave to proceed in forma pauperis on appeal without prepayment of that appellate filing fee, plaintiff will be required to pay the full $455.00 fee as provided by 28 U.S.C. § 1915(b)(1) and (2).